IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OSCAR PONCE-PEREZ, TDCJ NO. 1537587, | § § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-0020 |
| WILLIAM STEPHENS, Director Texas Department of Criminal Justice, | § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Oscar Ponce-Perez (TDCJ No. 1537587) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 to challenge a 2008 state court conviction (Docket Entry No. 1). Noting that the conviction was final nearly five years ago and was not challenged in a state post-conviction proceeding until more than three years after the conviction became final, the court issued an order directing Ponce-Perez to show cause why the petition should not be dismissed as barred by the governing one-year statute of limitations on federal habeas corpus review. (Memorandum and Order to Show Cause, Docket Entry No. 5) Ponce-Perez has filed a response. (Docket Entry No. 6) After considering that response and the applicable law, the court will dismiss the petition for the reasons explained below.

## I. Procedural History

On October 10, 2008, Ponce-Perez entered a guilty plea to charges of aggravated assault lodged against him in state court case number 1169814. The 174th District Court for Harris County, Texas, found Ponce-Perez guilty as charged and sentenced him to serve sixty years in prison.

On December 3, 2009, the Court of Appeals for the First District of Texas affirmed Ponce-Perez's conviction in an unpublished opinion. Ponce-Perez v. State, No. 01-08-00826-CR, 2009 WL 4358860 (Tex. App.—Hous. [1st Dist.] 2009, no pet.). Because Ponce-Perez did not file a petition for discretionary review with the Texas Court of Criminal Appeals, his conviction became final thirty days later, on or about January 3, 2010. See Tex. R. App. P. 68.2(a).

On December 29, 2014, Ponce-Perez filed the pending petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his aggravated assault conviction in case number 1169814.[1] In his petition Ponce-Perez contends that he is entitled to relief because he was denied effective assistance of counsel prior to and in connection with his guilty plea.

---

[1]The Clerk's Office received the petition on January 5, 2015, and filed it that same day. Ponce-Perez executed the petition on December 29, 2014, indicating that he placed it in the "prison mailing system" on that date. Under the "mailbox rule," a reviewing court treats the date a pro se prisoner deposits his habeas corpus petition in the mail as the filing date. See Fisher v. Johnson, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

## II. Discussion

This federal habeas corpus proceeding is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Under the AEDPA all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). If a prisoner challenges a state court judgment of conviction, the one-year statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As noted above, Ponce-Perez's conviction became final on January 3, 2010, when his time to seek a petition for discretionary review expired. That date triggered the statute of limitations, which expired one year later on January 3, 2011. As a result, Ponce-Perez's petition, filed nearly five years after the conviction became final, is untimely and therefore barred from federal habeas review by the governing statute of limitations.

### A. Ponce-Perez is Not Entitled to Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not be counted toward the limitations period. Ponce-Perez filed an application for a writ of habeas corpus in state court on March 15, 2013, which the Texas Court of Criminal Appeals dismissed on July 9, 2014. See Texas

Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us.; Harris County District Clerk's Website, http://www.hcdistrictclerk.com. Because this state habeas proceeding was filed after the limitations period had already expired, it has no tolling effect for purposes of § 2244(d)(2). See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Ponce-Perez has not otherwise alleged that he was subject to state action that impeded him from filing his petition in a timely manner. See 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no statutory basis to toll the limitations period.

**B.   Ponce-Perez is Not Entitled to Equitable Tolling**

Ponce-Perez contends that his untimely petition should be excused for equitable reasons because he is not a citizen of the United States. Ponce-Perez admits that he received a copy of his appellate record on December 27, 2010, but the records were in the English language, which he does not speak or read. Ponce-Perez explains that delay was necessary because he had to find someone to help him translate the law and these records before he could pursue habeas corpus relief.

The statute of limitations found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). The habeas petitioner bears the burden of establishing that equitable tolling is warranted. See Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007) (citing Alexander v. Cockrell, 294 F.3d 626, 269 (5th Cir. 2002)). The Supreme Court has clarified that a "'[habeas] petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Ponce-Perez does not meet the criteria for equitable tolling because he does not allege facts demonstrating that he pursued relief with due diligence. Ponce-Perez admits that he received a copy of his appellate record in 2010, but waited three years, until 2013, to file a habeas corpus application in state court. He does not allege what efforts he made to contact a Spanish speaker either inside or outside the prison who might have assisted him in seeking relief. Under these circumstances equitable tolling is unavailable. See Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008) (absent a showing of due diligence, bare allegation that petitioner lacked access to a translator during the limitations period is insufficient to justify equitable tolling); see also Yang v.

Archuleta, 525 F.3d 925, 929 (10th Cir. 2008) (lack of English language proficiency is not an extraordinary circumstance that warrants equitable tolling); Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) ("An inability to speak, write and/or understand English, in and of itself, does not automatically" justify equitable tolling.)); Mendoza v. Minnesota, 100 F. App'x 587, 588 (8th Cir. 2004) (lack of fluency in English does not constitute an extraordinary circumstance that justifies equitable tolling).

Although the petitioner proceeds pro se on federal habeas review, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling). Absent a valid basis for tolling the statute of limitations, the petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

### III. Certificate of Appealability

The habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a

certificate of appealability to issue before an appeal may proceed. See Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (citing 28 U.S.C. § 2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds, the

petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice** as barred by the statute of limitations.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 18th day of May, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE